UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20 CR 799 HEA |
| | ) |
| MICHAEL ANTHONY ROBINSON, | ) |
| | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant MICHAEL ANTHONY ROBINSON, represented by

defense counsel Lucille G. Liggett, and the United States of America (hereinafter "United

States" or "Government"), represented by the Office of the United States Attorney for the

Eastern District of Missouri. This agreement does not, and is not intended to, bind any

governmental office or agency other than the United States Attorney for the Eastern District of

Missouri. The Court is neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Counts I and II of the charge, the Government agrees that

no further federal prosecution will be brought in this District relative to the defendant's

attempted production of child pornography and production of child pornography between

January 1, 2014, and July 1, 2020, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree to recommend to the Court that it grant a downward variance whereby the Government will request that the Court sentence defendant to twenty years imprisonment, and the defendant will request that the Court sentence him to fifteen years imprisonment.

The defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to:

      a.    SanDisk SDHC 4GB Memory Card;
      b.    PNY 16 GB USB Drive; and
      c.    Kodak Easy Share D927 digital camera.

The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 3.    **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Attempted Production of Child Pornography are: (1) defendant knowingly attempted to use a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Production of Child Pornography are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

4.     **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

"Victim 1" is the step-daughter of defendant and was born in August 2002. The defendant attempted to and did video record Victim 1 in a lascivious display of her genitals and while masturbating.

One of the videos made of Victim 1 by defendant was discovered by James Logan. On June 8, 2019, Logan wrote in a statement to police that he was recently given a camera by a friend of his; the friend was also a friend of the defendant. The friend claimed the camera would not work and gave it to Logan to see if he could fix it. While trying to fix the camera, Logan discovered a video of defendant setting up the camera up in a closet.  Later in the video, Victim 1, a minor, went into the closet to change after having apparently taken a shower. After Victim 1 changed, defendant went back to the closet and retrieved the camera. The video was contained on a SD card.

The camera, SD card, and other items were turned over to police. Police checked the SD card and verified that there was a video of Victim 1 as described by Logan. Police later obtained

3

a search warrant to search the contents of SD cards. Det. Jacob Walk forensically analyzed the SD card pursuant to the search warrant.

Det. Walk examined the SD card which was a SanDisk SDHC 4GB Memory Card that was produced in China and, therefore, had traveled in interstate and foreign commerce. One of the videos he found on the SD card was M2U00102.MPG. The video depicts the defendant placing a video camera into a closet before Victim 1 entered with a towel wrapped around her. As she removed the towel to get dressed, she was naked and her breasts were observed. She dressed and left the closet. Defendant then reentered the closet and obtained the video camera.

Det. Walk made still images from the video and showed them to Victim 1. Victim 1 identified herself and said that the video was taken at one of prior residences, which is located in the Eastern District of Missouri. She believed that the video was taken when she was in 7th or 8th grade and she was unaware that she was recorded. When defendant was later asked about the recording, he admitted that he set it up and that it recorded Victim 1, but claimed he did not know at the time it would record her, and never viewed the recording after it was made.

Victim 1 also told police about incidents where defendant touched her genitals while she was sleeping – she didn't know whether defendant was awake when it occurred. Later, defendant denied inappropriately touching her. Victim 1 also described incidents where defendant touched her thigh when they were in the car.

On July 1, 2020, Darek McMann obtained a ride from the defendant to a local Walmart. Both went inside Walmart, but McMann returned to the defendant's vehicle before defendant. McMann entered the vehicle and noticed flash drives in the center counsel. Since he was aware of the 2019 accusations concerning the defendant, McMann took the flash drives. When he arrived back home, McMann and his aunt examined the contents of the flash drives. He said one

4

flash drive contained about 30 video files. He and his aunt looked through the video files; he saw Victim 1 in the bathroom where Victim 1 was partially undressed or naked. In one of the videos he saw that defendant was the one recording the video. McMann contacted police and turned the flash drives over to them. Police then obtained a search warrant to search the drives.

Det. Walk conducted the forensic examination. The flash drive that contained the videos of Victim 1 was a PNY USB Drive that was produced outside the state of Missouri and therefore traveled in interstate commerce. One of Det. Walk's forensic tools showed that the videos were created from January 10, 2016, to April 4, 2018. The files were most likely placed on the PNY USB Drive on November 14, 2017, October 19, 2018, and October 28, 2018. Some of the videos were taken underneath the bathroom door and showed Victim 1 in a lascivious display of her genitals while getting out of the shower and undressing. Other videos were taken underneath the door to her bedroom and showed her in a lascivious display of her genitals; in one of the videos she was masturbating. One of the videos of the victim taken underneath her door captured the defendant's face as he recorded her in a towel and her buttocks. Defendant's voice can be heard in some of the videos as he talked to the victim through the door. Some of the videos were also made in a hotel room that the defendant and Victim 1 lived in while they were homeless. Those videos depicted the victim with a towel covering her. All the videos were produced in the Eastern District of Missouri.

Summary

As to Count I, and as defendant now admits, between January 1, 2014, and June 7, 2019, in the Eastern District of Missouri, the defendant knowingly attempted to video record Victim 1 in a lascivious display of her genitals while she changed clothes in a closet, using a video camera

and a SanDisk SDHC 4GB memory card, and the video camera and SanDisk SDHC 4GB memory card traveled in interstate commerce.

As to Count II, and as defendant now admits, between January 1, 2016, and July 1, 2020, in the Eastern District of Missouri, the defendant knowingly video recorded Victim 1 in a lascivious display of her genitals and masturbating, using a video camera and a PNY USB Drive, and the video camera and PNY USB Drive traveled in interstate commerce.

5.   **STATUTORY PENALTIES:**

As to Counts I and II, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than 30 years for each count, a fine of not more than $250,000 for each count, or both such imprisonment and fine. The Court must also impose a period of supervised release of life and not less than five (5) years. **The defendant fully understands that the charge of Production of Child Pornography to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least 15 years.**

The defendant understands that the Court impose concurrent sentences (sentences that run at the same time) or consecutive sentences (sentences that run one after the other).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. § 2251(a) through (c) (production of child pornography).

6.   **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.

6

The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

    (1)    **Attempted Production of Child Pornography for Count I:**

        (a)    **Base Offense Level:** The parties recommend that the base offense level is thirty-two (32) as found in Section 2G2.1(a).

        (b)    **Chapter 2 Specific Offense Characteristics:** The parties recommend that the following Specific Offense Characteristics apply:

            (i)    two (2) levels should be added pursuant to Section 2G2.1(b)(1)(B), because the offense involved a minor who had "attained the age of twelve years but not attained the age of sixteen years;"

            (ii)    two (2) levels should be added pursuant to Section 2G2.1(b)(5), because the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, or supervisory control of the defendant;

    (2)    **Attempted Production of Child Pornography for Count II:**

        (a)    **Base Offense Level:** Pursuant to 2G2.2(c)(1), the parties recommend that the base offense level is thirty-two (32) as found in Section 2G2.1(a).

7

      **(b)**    **Chapter 2 Specific Offense Characteristics**: The parties recommend that the following Specific Offense Characteristics apply:

          (i)    two (2) levels should be added pursuant to Section 2G2.1(b)(1)(B), because the offense involved a minor who had "attained the age of twelve years but not attained the age of sixteen years;"

          (ii)    four (4) levels should be added pursuant to Section 2G2.1(b)(4)(A) because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence;

          (iiii)    two (2) levels should be added pursuant to Section 2G2.1(b)(5), because the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, or supervisory control of the defendant;

**(3)**    **Chapter 3 Adjustments**: The parties recommend that the following adjustments, other than acceptance of responsibility, apply:

      (a)    The offense level for Count I is thirty-six (36).

      (b)    The offense level for Count II is thirty-six (40).

      (c)    Pursuant to Section 3D1.2(d), the counts do not Group.

(d)    Pursuant to Section 3D1.4(a) (Determining the Combined Offense level), one (1) unit should be added because the offense level in Count II constitutes the highest offense level.

(e)    Pursuant to Section 3D1.4(a) (Determining the Combined Offense level), one (1) unit should be added for Count I because the offense level is 1 to 4 levels less serious than as the offense in Count II.

(f)    Pursuant to Section 3D1.4 (Determining the Combined Offense Level), two (2) levels should be added because the total number of units 2. This places the offense level, after application of Section 3D1.4, at forty-two (42).

c.    **Repeat and Dangerous Sex Offender Against Minors:** The parties recommend that five (5) levels should be added pursuant to Section 4B1.5(b)(a) because "defendant's instant offense of conviction is a covered crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct. . . ."

First, defendant's instant offense of conviction (Production of Child Pornography) is a covered crime because it was perpetrated against a minor under Chapter 110 of title 18, United States Code.

Second, defendant engaged in a "pattern of sexual activity involving prohibited sexual conduct" because "on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor."

Therefore, the offense level, after the application of Section 4B1.5(b)(1), at forty-eight (47).

9

    **d.**    **Other Chapter 3 Adjustments:**

        **(1)**    **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant that it believes are inconsistent with defendant's eligibility for this deduction, the government may assert that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1.

    **e.**    **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is forty-four (44). After the application of Ch.5 Pt.A, Appl. 2, the total offense level is forty-three (43).

**The defendant fully understands that the crime charged to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least 15 years.**

    **d.**    **Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**7.**    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

10

a.      **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1)     **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2)     **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

b.      **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c.      **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be

11

sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.    OTHER:**

    **a.    Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    **b.    Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c.    Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

    These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the

length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d.      Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under – Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography).

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

**e.      Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.      Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall

13

include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count of conviction is $3000 for crimes occurring on and after December 7, 2018.

   g. **Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following:

     a. SanDisk SDHC 4GB Memory Card;
     b. PNY 16 GB USB Drive; and
     c. Kodak Easy Share D927 digital camera.

   The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument. Include the next paragraph in all cases whether or not there is a forfeiture allegation: The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to

forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9.     **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of

residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

**10.     VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by

16

any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.     CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

17

12.    <u>NO RIGHT TO WITHDRAW GUILTY PLEA:</u>

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

<br>

___6-30-2021___
Date

_____
ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney

___7/21/21___
Date

_____
MICHAEL ANTHONY ROBINSON
Defendant

___7/21/21___
Date

_____
LUCILLE G. LIGGETT   MO 34589
Attorney for Defendant